Wood *v.* Zeigler.

# WOOD *v.* ZEIGLER.

## (*Knoxville.* October 30, 1897.)

1. COURT OF CHANCERY APPEALS. *Finding of, not conclusive, when.*

A finding of the Court of Chancery Appeals that an agent was not lawfully authorized to sign a contract for the sale of lands, is not conclusive upon this Court, where his authority is distinctly averred in the bill and admitted in the answer. (*Post, pp. 517, 518.*)

2. SALE OF LAND. *Insufficient memorandum.*

A memorandum of a sale of land, which describes the land sold as "the Baldwin Place," without giving the name of the State or county where located, or the name of the owner, is void. (*Post, pp. 518–521.*)

Case cited and distinguished: Dougherty *v.* Chestnutt, 86 Tenn., 1.

---

### FROM CUMBERLAND.

---

Appeal from Chancery Court of Cumberland County. T. J. FISHER, Ch.

WRIGHT & WRIGHT and D. C. BROWN for Wood.

J. W. DARTON for Zeigler.

SNODGRASS, C. J. This bill was filed by Wood in the Chancery Court of Cumberland County, Tenn., to set aside a contract made between himself and C.

H. Smith, as the agent of Mrs. Zeigler, for the purchase of a tract of fifty acres of land in Cumberland County. Smith, as agent of Mrs. Zeigler, sold the land to Wood at the price of $1,200, $200 of which was paid in cash, and the balance agreed to be paid on or before March 1, 1896, with interest, the contract having been made March 7, 1895. At the time of the sale, and purchase by Wood, the following paper was executed and signed by Wood and Smith, the agent of Mrs. Zeigler:

"Memorandum of sale of the Baldwin Place to William Wood. Two hundred dollars cash to be paid down, and balance of $1,000 to be paid on or before March 1, 1896, with interest. Taxes for 1894 to be paid by Zeigler, and clear warranty deed given.

"WILLIAM J. WOOD,

"C. H. SMITH.

"Memorandum, March 7, 1895."

It was alleged that Smith, as the agent of Mrs. Zeigler, sold the property to Wood on the terms indicated, and averred that Smith was acting as her agent, and had made the sale for her. The bill sought to repudiate the contract as void under the statute of frauds. In the bill the land was described and attached as the property of Mrs. Zeigler, a nonresident, and it was sought to be subjected to sale for satisfaction of complainant's claim for return of purchase money and for improvements.

Mrs. Zeigler answered the bill. She admitted the agency of Smith and the sale by him to Wood, which

she offered to complete by the execution of proper deed. The case was heard by the Chancellor, who decreed in favor of defendants and dismissed the bill. The Court of Chancery Appeals reversed the decree of the Chancellor, and decreed in favor of complainant. Defendants appealed to this Court, and assigned errors.

The decree of the Court of Chancery Appeals was based on two grounds, first, that it does not appear that Smith was by Mrs. Zeigler "thereunto lawfully authorized" to sign for her as agent, and, second, because the memorandum was itself insufficient under the statute, as it did not describe or identify the property sold. The Court quotes the evidence showing that the place was usually called and known as "The Baldwin Place," and that it was generally known by that name in the neighborhood, and then say: "It is insisted that this is sufficient to identify the property without any designation of State or county. It is manifest that this cannot be true, because, to say 'The Baldwin Place,' in such an instrument, would convey no idea unless it could be shown that the property was celebrated all over the world by that name, or at least all over the United States. Standing without being correlated to the State and county, the expression or designation is entirely without meaning."

On appeal here it is urged that the Court of Chancery Appeals erroneously applied the law; that, from the facts stated as proven, "The Baldwin

Place '' was sufficient identification, and there was no need for other proof than that it is usually known as such in the neighborhood.

It is said by the complainant that these are findings of fact, and are conclusive upon us. In this insistence the complainant is in error. It is true the Court of Chancery Appeals finds that Smith was not lawfully authorized to sign the deed, and, if this finding depended upon evidence only, it would be conclusive upon us whatever the fact might be, but it does not depend upon the evidence in the record. His authority as agent is distinctly averred in the bill and admitted in the answer, and is therefore not a matter of controversy.

The other finding depends upon a construction of the instrument itself, for it is upon that the Court rests the finding, although it does say, speaking of absence of State or county from the description, in answer to the argument that this description was sufficient without such addition of State and county, that ''it is manifest that this cannot be true, because to say the ' Baldwin Place,' in such an instrument, would convey no idea unless it could be shown that the property was celebrated all over the world by that name, or, at least, all over the United States,'' etc.

We understand the Court of Chancery Appeals only to have meant that a description of a place by a term or phrase, in a paper which did not indicate its location in any State or county, would be

insufficient, unless it was to designate by name such
a place as was known all over the world, or all
over the United States, by its name, without regard
to the State or county in which it might be located,
as, say "Mount Vernon," or other notoriously known
place, whose very mention would carry knowledge
of its location without reference to any other or
further locality or surroundings.   So understood, the
statement is probably correct, and we do not under-
stand that Court to have meant anything more, or
that "The Baldwin Place" might not have been
assumed to be properly identified by such evidence
as was offered about it and quoted by the Court,
had there been anything in the description to show
the State and county where located, or any indica-
tion in the paper containing the description, in what
State or county the land might lie.   If the state-
ment meant anything more than this it was erroneous
as a proposition of law.   *Dougherty* v. *Chestnutt*, 2
Pick., 1.

. It was held in that case that it was not abso-
lutely necessary that the State or county should be
a part of the description.   It was sufficient if, upon
the whole instrument, it could be fairly inferred in
what State or county the land lay.   The fact that
the instrument in that case showed that the parties
to it both resided in Hawkins County, Tenn., was
taken as sufficient to indicate that the land desig-
nated was in that county.   This being inferred, the
statement in the instrument construed, that the prop-

erty was the farm of Henderson Fudge, and known as Rose Hill, was held to be sufficient to admit evidence of location, and evidence that it was so known and designated by those who were familiar with the neighborhood was sufficient identification of the land. That case has gone further than perhaps any other reported in this State. We think it entirely sound, but we are not disposed to go beyond it. There the name of the owner was given, the property was designated by the name under which it was generally known in the neighborhood, or known to many persons; the instrument was between parties living in the same county, as appeared on its face. Had it been lost and found by a stranger who had undertaken to ascertain what land was intended, his attention would have been directed to Hawkins County by the residences indicated. Being there, he could have ascertained where Rose Hill was, and if there was more than one place by that name, where that one was which was the farm of Henderson Fudge, and in this way, by reasonable inquiry, a stranger would have found and identified the place.

The paper before us neither states, in the description nor elsewhere in the instrument, the State or county in which "The Baldwin Place" can be found; it does not give the name of the owner, and a stranger finding this paper could by no reasonable inquiry ascertain the location of the land.

Limiting the language of the Court of Chancery

Wood *v.* Zeigler.

Appeals to what it doubtless meant in its statement, and applying the law as laid down in the Dougherty case cited, we concur with that Court in the conclusion that this memorandum is insufficient, and its decree is therefore affirmed.