DENISON-GHOLSON DRY GOODS CO. v. MRS. M. A. HILL.*

(*Jackson*.     April Term, 1916.)

1. **FRAUDS, STATUTE OF.** Real property.     Mortgage.     Description.

A mortgage reciting the mortgagor's conveyance of "the following real estate," one house and lot and storehouse, bounded on the east by east alley, south by Third street, west by Broad street, north by Fourth street, containing the entitre block between Third and Fourth streets, known in the plan of town as lots 53, 54, 55, and 56, and on default authorizing the mortgagee to sell the real estate at "Eaton, in Gibson county, Tennessee, at public sale," first advertising the sale by posters in three or more public places in Gibson county, one of which should be in the district in which the land lies, and one at the courthouse door in Trenton, Tennessee, or by advertising in some newspaper published in Gibson county," which did not mention the residence of the mortgagor or the mortgagee, did not contain a sufficient description of the real estate conveyed to comply with the statute of frauds. (*Post, pp.* 62-68.)

Cases cited and distinguished: Dobson v. Litton, 45 Tenn., 616; Johnson v. Kellogg, 54 Tenn., 262; Dougherty v. Chesnutt, 86 Tenn., 1; Wood v. Zeigler, 99 Tenn., 515; Railway v. Webster, 106 Tenn., 586.

2. **EVIDENCE.** Description of mortgaged premises.     Parol evidence.

In such case no particular realty was indicated with sufficient certainty to permit of parol proof to correct or apply the attempted description, as a description of land applicable with equal exactness to any one of a number of tracts cannot be aided by parol evidence. (*Post, pp.* 62-68.)

3. **BILLS AND NOTES.** Ratification.     Mortgaged security.

Where defendant, who had put some money in the business of her son-in-law, and must have known of his indebtedness, and

---

*As to sufficiency of description in land contract which gives right to select particular tract to be conveyed see note in 34 L. R. A. (N. S.), 147, and as to ratification of forged instrument, see note in 36 L. R. A. (N. S.), 1006.

Dry Goods Co. v. Hill.

that he had made an assignment of his stock of goods, after the execution of a forged note for $1,000 due January 1, 1912, purporting to be signed by her, executed a mortgage on realty "to secure the payment of one promissory note bearing this date and due January 1, 1912, for $1,000," she thereby acknowledged the validity of the note and ratified its execution in her name. (*Post, pp.* 68-70.)

Case cited and distinguished: Railroad v. Roe, 118 Tenn., 601.

4. MORTGAGES. Requisites. Description of debt.

A mortgage of realty "to secure the payment of one promissory note bearing this date and due January 1, 1912, for $1,000," sufficiently described the indebtedness intended to be secured; as literal exactness in describing the debt is not required, and a description correct so far as it goes and full enough to direct attention to the sources of full information is sufficient. (*Post, pp.* 70, 71.)

Cases cited and approved: Fitzpatrick v. School Com., 26 Tenn., 224; Stanford v. Andrews, 59 Tenn., 664; First Nat. Bank v. Tamble, 62 S. W., 308.

5. BILLS AND NOTES. Forgery. Estoppel. Statute.

Where defendant by her mortgage of realty to secure a certain described note thereby adopted and ratified the note, although it had been forged, and where after her ratification and the delivery of the mortgage and the note to the mortgagee the mortgagee released and turned over to her son-in-law a stock of goods which had been previously assigned for the mortgagee's benefit, an estoppel *in pais* arose against the defendant, precluding her from setting up forgery under section 23 of the Negotiable Instruments Act (Laws 1899, chapter 94). (*Post, pp.* 71, 72.)

Acts cited and construed: Acts 1899, ch. 94.

---

FROM GIBSON

---

Appeal from the Chancery Court of Gibson County.—CALIN P. McKINNEY, Judge.

WALKER & LANDRUM, for appellant.

TYREE & BRYANT, for appellee.

MR. JUSTICE GREEN delivered the opinion of the Court.

The bill in this case was filed by the complainant, an Illinois mercantile corporation, to recover judgment upon a note for $1,000 alleged to have been executed in its favor by the defendant, and to enforce a mortgage upon certain real estate alleged to have been executed by defendant to secure the payment of said note.

The defendant filed a plea of *non est factum,* denying the execution of the note, and, answering, averred that she had signed the mortgage under duress, and further averred that the mortgage was invalid under the statute of frauds, for the reason that it did not contain a sufficient description of the property attempted to be conveyed.

Proof was taken and the bill was dismissed by the chancellor, from which decree the complainant has appealed. We will first consider the sufficiency of the description of the real estate contained in the mortgage.

The mortgage recites that M. A. Hill sells and conveys unto the Denison-Gholson Dry Goods Company the following real estate, to-wit:

"One house and lot and storehouse, bounded as follows: On the east by east alley, south by Third street, west by Broad street, north by Fourth street, contain-

Dry Goods Co. v. Hill.

ing the entire block between Third and Fourth streets, known in the plan of town as lots 53, 54, 55, and 56."

Then follows the *habendum clause,* covenants, description of the debt and defeasance.

The mortgage next recites that:

If said indebtedness is not paid, etc., "the said Denison-Gholson Dry Goods Company is authorized and empowered to sell said real estate at Eaton, in Gibson county, Tennessee, at public sale, . . . first advertising said real estate for thirty days by written or printed posters posted up in three or more public places in the county of Gibson, one of which shall be the district in which the land lies, and one of which shall be at the courthouse door in Trenton, Tennessee, or by advertising for three consecutive weeks in some newspaper published in Gibson county, Tennessee."

The mortgage concludes with the date of its execution and the signature of M. A. Hill. It was acknowledged by Mrs. Hill before a notary public at Eaton, Gibson county, Tenn., on the date of its execution.

It will be observed that the mortgage does not mention the residence of the mortgagor the residence of the mortgagee. In describing the real estate it does not locate said real estate in any town, county, or State. It does not appear from the mortgage at what place it was executed. It was, however, acknowledged at Eaton, in Gibson county, Tenn., and the sale thereunder was authorized at Eaton, Gibson county, Tenn., and advertisement was provided by posters in three or more public places in Gibson coun-

ty, one of which should be in the district in which the land was located, and one of which should be at the courthouse door at Trenton, Tenn., or else advertisement was to be made by publication in some newspaper published in Gibson county, Tenn.

We are of opinion that there is not a sufficient description of the real estate contained in this mortgage to comply with the statute of frauds, nor is any particular real estate indicated with sufficient certainty to permit of parol proof to correct or apply the attempted description.

In *Dobson* v. *Litton*, 5 Cold. (45 Tenn.), 616, a bill for specific performance of a contract for a sale of land was dismissed on account of defective description. The land there was described as:

"A certain tract of land, containing nine acres and sixty-six poles, near the junction of Broad street, Nashville, and the Hillsboro turnpike, Davidson county, Tennessee."

The court said:

"Where an instrument is so drawn that upon its face it refers necessarily to some existing tract of land, and its terms can be applied to that one tract only, parol evidence may be employed to show where the tract so mentioned is located. But, where the description employed, is one that must necessarily apply with equal exactness to any one of an indefinite number of tracts, parol evidence is not admissable to show that the parties intended to designate a particular tract by the description." *Dobson* v. *Litton,* supra.

In *Johnson* v. *Kellogg,* 7 Heisk. (54 Tenn.), 262, specific performance was refused for a like reason. In that case the memorandum of sale was in these words:

"Received of W. E. Luter $408.45, being his proportion of the first payment on the Bradley sand bank purchase. I having agreed to give him an interest of four-fifths of said purchase at cost, and hereby bind myself, when the purchase money shall have been all paid, to cause a deed of general warranty to be made to him and myself in like proportion, to-wit, Luter four-fifths, and myself one-fifth. March 7, 1857. S. Kellogg."

The court said the property was not located in any State or county, nor was the full name of Bradley, from whom the purchase was made, given, nor did it definitely appear what interest in the land was intended to be sold. Specific performance was therefore denied.

In *Dougherty* v. *Chesnutt,* 86 Tenn., 1, 5 S. W., 444, a lease was held valid in which Henderson Fudge leased to one Wright for a period of twenty years "all the right to quarry marble on his farm known as Rose Hill." The instrument, however, showed on its face that both parties lived in Hawkins county, Tenn., from which the court inferred the lands lay in that county. Proof showed that the farm was known as Rose Hill to a very large number of people and so designated by them. The court cited *Dobson* v. *Litton,* supra, and sustained its action on the authority of that portion of the opinion in *Dobson* v. *Litton,* wherein it is said:

135 Tenn.—5

"If the agreement itself shows that some particular tract was intended, then parol proof is admissible to show the location and boundaries of the tract mentioned, and to enable the court to find it."

In *Wood* v. *Zeigler,* 99 Tenn., 515, 42 S. W., 447, the description of a tract of land known as the "Baldwin place" in a memorandum of sale was held insufficient under the statute of frauds. The paper contained no indication of the State or county in which the land was located. In the opinion in this case it was said of *Dougherty* v. *Chesnutt,* supra:

"That case has gone farther than perhaps any other reported in this State. We think it entirely sound, but we are not disposed to go beyond it."

In *Railway* v. *Webster,* 106 Tenn., 586, 61 S. W., 1018, the court held, if a certain paper under consideration could be viewed as conveying an interest in land, it was void for insufficient description. The description was:

"The party of the first part is the owner of certain lands fronting 4,574 lineal feet on said second party's line of railroad on mile 295 of Henderson division."

It was pointed out that there was "no general description of a particular tract of land by which it is known and can be identified, but this description would equally apply to land on both sides of the railroad." The rules laid down in *Dobson* v. *Litton,* supra, were again quoted and applied in this case.

Tested by these authorities, it is manifest that the description contained in the mortgage here under con-

sideration does not meet the requirements of the stat-
ute of frauds, as that statute has been construed by this
court.

This case cannot be assimilated to *Dougherty* v.
*Chesmutt,* supra, because there is no indication of the
residences of the parties here.   Neither is there any
reference to a.place well known in any particular lo-
cality.   If we could infer the county from anything
in the mortgage, we would still be without a descrip-
tion which could be applied to any particular tract of
land in the county.   Moreover, as stated in *Wood* v.
*Zeigler,* supra, *Dougherty* v. *Chesmutt* went very far,
and we remain unwilling to go beyond that case.

We could not say that a power conferred upon a
mortgagee or trustee to sell in a particular county in-
dicated that the land  was  located in  that  county.
Neither could we say that a provision for advertise-
ment in a particular county indicated that the land
was located in that county.   We know as a matter of
common experience that trust deeds are frequently ex-
ecuted upon lands in this State authorizing a sale upon
default at cities in distant States.   Likewise we know
that advertisement of sale is frequently directed to
be made in counties other than the county in which the
mortgaged property lies.

The provision that the sale should be had at Eaton
does not show that the land was in the town of Eaton.
The circumstance that the mortgage was acknowledged
at Eaton indicates nothing, for acknowledgments are
taken wherever the grantor chances to be.

If we look to everything in the mortgage, however, and if we should be able to infer from the mortgage as a whole that the description therein contained referred to some town lot in Gibson county, Tenn., nevertheless the description would be fatally defective. It was said at the bar that there were a dozen considerable towns in Gibson county. The rule is that a description of land applicable with equal exactness to any one of an indefinite number of tracts cannot be aided by parol evidence.

The description of this town lot might be applied to lots in Trenton, Milan, Humboldt, Rutherford, Dyer, or to lots in any other of the several towns in Gibson county.

Such description was therefore not sufficient to pass title to the lots under the statute of frauds, and the chancellor correctly so held.

The question of the liability of Mrs. Hill upon the note, however, remains.

The weight of the proof in this case tends to show that this note was a forgery—at least that it was never signed by Mrs. Hill.

While this is true, nevertheless we are of opinion that her subsequent conduct amounted to a recognition of the note and an admission of liability thereon.

We are not impressed with her claim that she executed this mortgage under duress. The proof does not sustain this contention.

The mortgage, as we have heretofore shown, was made to the Denison-Gholson Dry Goods Company. It

recites that it was made "to secure the payment of one promissory note bearing this date, and due January 1, 1912, for $1,000." The note sued on is payable to the Denison-Gholson Dry Goods Company, bears even date with the mortgage, and was due January 1, 1912. It was negotiated to complainant by the son-in-law of defendant, a merchant at Eaton.

After reviewing all our cases on the question of ratification, the result of these authorities was thus stated by Mr. Chief Justice Beard:

"Where there is a full knowledge of the facts possessed by the principal, and he pursues thereafter a line of conduct which is consistent alone with the theory that the agent was acting for him, then the doctrine of ratification applies, and it is immaterial whether a ratification was contemplated or not." *Railroad* v. *Roe,* 118 Tenn., 601, 102 S. W., 343.

Mrs. Hill had put some money in the business of her son-in-law, and must have known of his indebtedness. They lived in the same house, and he had made an assignment of his stock of goods. The note and mortgage were executed to secure the indebtedness of this son-in-law to the complainant, and to procure the release of his goods assigned.

The mortgage recites that it was for the security of a $1,000 note of even date, and payable January 1, 1912. Mrs. Hill thereby recognized and assumed liability for the payment of some note of said date and maturity. She not only adopted and ratified the execution of such note by this mortgage, but she under-

took by the mortgage to secure and make certain the payment of the note. The mortgage was executed to the complainant, and naturally must have been intended to secure the note payable to the complainant of the date and maturity mentioned. Mrs. Hill was not a woman of large business affairs, and the circumstances of the case indicate that she could not have had in mind at the time this mortgage was made any other note that the one here sued upon by the complainant.

We think, therefore, irrespective of whether she herself signed the note sued on, by her reference thereto and her attempt to secure its payment in the mortgage, she acknowledged the validity of the note and ratified its execution in her name.

There was a sufficient reference to the note and a sufficient description thereof in this mortgage to indicate very clearly that the note in suit was the one referred to in the mortgage.

"It is not necessary to the validity of the mortgage that it should truly state or describe the debt which it is intended to secure. It may stand as security for the real equitable claim of the mortgagee if it appears to be genuine and honest, and is satisfactorily proved to be the debt which the parties, in fact, designed to secure by the mortgage. Thus a mortgage purporting on its face to secure and substantially describe a promissory note or bond, as the evidence of the debt to be secured, may be valid, although no such note or bond was ever executed or delivered, provided a real

indebteness existed to the amount for which the note
or bond was to have been given." 27 Cyc., 1056.

"Literal exactness in describing the debt is not re-
quired. It is sufficient if the description is correct
so far as it goes and full enough to direct attention to
the sources of correct and full information, and the
language used is not liable to deceive or mislead as to
the nature of the amount." Jones on Mortgages (2d
Ed.) section 70.

See, also, *Fitzpatrick* v. *School Commissioners,* 7
Humph., 224, 46 Am. Dec., 76; *Stanford* v. *Andrews,* 12
Heisk., 664; *First National Bank* v. *Tamble,* 62 S. W.,
308.

The indebtedness intended to be secured by this
mortgage was sufficiently identified. The land intend-
ed to be conveyed, however, was not sufficiently de-
scribed and does not pass. While the mortgage there-
fore is not effective as a conveyance of land, it is ef-
fective as a written admission of liability on the note.

We do not find it necessary to discuss the question
as to whether or not a forgery is capable of ratification
in Tennessee since the negotiable instruments statute.
Aside from the question of ratification, the defendant,
Mrs. Hill, is estopped to deny the validity of this note.
It appears that after her recognition thereof in the
mortgage and the delivery of the mortgage and the
note to the complainant, the complainant released and
turned over to the son-in-law his stock of goods, which
which had previously been assigned in trust for com-
plainant's benefit. Accordingly an estoppel *in pais*

arises against Mrs. Hill, and she is "precluded" from setting up the forgery under section 23 of the Negotiable Instruments Act (chapter 94, Acts of 1899).

The result is that we affirm the decree of the chancellor in so far as he held the mortgage invalid. His decree with reference to the liability of defendant on the note must, however, be reversed, and decree entered against her here for the amount of the note and interest. The costs of the case will be divided between the parties.