CAMPBELL FARMERS CO-OP.

*v.*

MRS. JOHN Y. MOORE.

(*Knoxville*, September Term, 1956.)

**Opinion filed June 7, 1957.**

HARRY B. BROWN, Jellico, for appellant.

CON E. TROUTMAN, LaFollette, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a bill for specific performance of a contract for the sale of real estate. Trying the case on bill and answer the Chancellor dismissed the bill on the ground that the contract for the sale of one acre of land was not in writing, and there was no sufficient memorandum signed by the party to be charged, to-wit, Mrs. John Y. Moore.

The bill set out that on or about January 16, 1956, the defendant, Mrs. Moore, owned a certain parcel of land in Campbell County, east of the City of LaFollette, fronting on State Highway 63, across said Highway from La-Follette New High School, consisting of one acre and being a part of a larger tract owned by the defendant; that the defendant by memorandum in writing contracted with the complainant to sell the tract of land for $3,000, $100 down and $2,900 to be paid in exchange for a deed from defendant; that on February 1, 1956, defendant wrote complainant a letter in which she returned complainant's check for $100 and advised that she could not sell the land for various reasons; that complainant tendered into Court the sum of $3,000. An answer was filed and the Chancellor treated it as a demurrer.

The Memorandum in question reads as follows:

"This is to certify that I am receiving this $100.00 check as a down payment on land beginning at the cul-

vert on highway 63 running with the middle of the stream and then parallel with drive way on Mrs. John Y. Moore's property to the Highway fronting on the Highway 63 to include One Acre of land. Balance of $2900.00 to be paid upon completion of this transaction. January 17, 1956.

> "/s/ Mrs. John Y. Moore
> "(Ollie)"

We have many holdings involving this question, that is, the sufficiency of the description in order to satisfy the statute of frauds.

It should be borne in mind that (1) The description does not contain any reference to State, County or Civil District; (2) That the description does not describe the property as being "my property" but says "as a down payment on land beginning at the culvert on highway 63 running with the middle of the stream and then parallel with the drive way of Mrs. John Y. Moore's property", etc. This property could be a piece of property adjacent to the property of Mrs. Moore and still be parallel to a drive way on her own property; (3) It is not known whether highway 63 is a County Highway or a State Highway. It does not show any particular culvert on Highway 63; (4) It does not designate what stream; (5) The description does not show on which side of the culvert, whether, East, West, North or South, that the one acre of land lies.

In the case of *Denison-Ghalson Dry Goods Company v. Hill,* 135 Tenn. 60, 185 S.W. 723, it was held that the description was insufficient because there was no indication of the residences of the parties. Another case referred

to was *Wood v. Zeigler,* 99 Tenn. 515, 42 S.W. 447, wherein it was held that the description was insufficient because there was no indication of the State or County contained therein.

In the case of *Parsons v. Hall,* 184 Tenn. 363, 199 S.W. 2d 99, it was held that the description was insufficient because the Court found that it was not clear what was meant by "the old Winchester-Tullahoma Old Road", whether the property lay north, south, east or west of it and further because the language used was "one house and Lot" and not my house and lot. This property could be a piece of property adjacent to the property of Mrs. John Y. Moore and still be parallel to a drive way on her own property.

From the foregoing authorities we think the description is insufficient to satisfy the statute of frauds and the decree of the Chancellor must be affirmed.