**IN THE COURT OF APPEALS OF TENNESSEE**
**EASTERN SECTION AT KNOXVILLE**

**FILED**

**May 13, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| JIMMY L. CRUM, | ) | GREENE CHANCERY |
| | ) | |
| Plaintiff/Appellant | ) | NO. 03A01-9610-CH-00320 |
| | ) | |
| v. | ) | HON. JACK R. MUSICK, |
| | ) | CHANCELLOR |
| VESTAL C. LAWING and wife, | ) | |
| MATTIE LAWING, | ) | |
| | ) | |
| Defendants/Appellees | ) | AFFIRMED |

E. Grant Crum, Greeneville, for Appellant

Douglas L. Payne, Greeneville, for Appellees

**O P I N I O N**

INMAN, Senior Judge

The issue in this case is whether two (2) writings afford intrinsic proof of their relation to the same transaction thus obviating the defense of the Statute of Frauds. The Chancellor sustained the specially pleaded defense, and we affirm.

In early 1995 the defendants orally agreed to sell to the plaintiff 21.5 acres in Greene County, Tennessee, for $60,000.00.

The plaintiff prepared a document which he signed, as Buyer, and forwarded it by Federal Express to the defendants. We reproduce this document:

> On this day of May 5, 1995, I, <u>Jimmy L. Crum,</u> am making a $250.00 deposit on the 20 acre lot owned by Mattie Lawing and on the 1.5 acre lot owned by Vestel Lawing. This land is located joining Pinto and Holley Creek Roads.
>
> ____s/Mattie Lawiing_____    _____
>       (Wife)    (Notary)
> FL L520-542-27-621 Ex 4-1-97
>
> ____s/Vestel Lawing_____    ____s/Jimmy L. Crum_____
> _____(Husband)    (Buyer)
> FL L520-863-26-104  Ex 3-17-2000

_____

STATE OF FLORIDA
COUNTY OF VOLUSIA

The foregoing instrument was acknowledged before me on this 5th day of May, 1995 by Mattie and Vestel Lawing, who is personally known to me or who has produced Fla. Drivers Lic. as identification and who did (did not) take an oath.

s/Carol Rawlins
Carol Rawlins
OFFICIAL NOTARY SEAL
CAROL RAWLINS
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC207098
MY COMMISSION EXP. JULY 26, 1996

The plaintiff enclosed a check for $250.00, which the defendants endorsed and cashed. On the same day they executed the document which was returned to the plaintiff. The check bore the notation "down payt. on land."

About three weeks later the defendants decided not to honor their oral agreement and sent a check for $250.00 to the plaintiff which he refused. This action for specific performance soon followed.

Our review is *de novo* on the record, accompanied by a presumption that the findings of fact of the trial court are correct unless the evidence otherwise preponderates. RULE 13(d), TENN. R. APP. P. There is no presumption of correctness with regard to the trial court's determination of questions of law. *NCNB v. Thrailkill,* 856 S.W.2d 250, 153 (Tenn. App. 1993).

The Statute of Frauds, Tenn. Code Ann. sect. 29-2-101, was first enacted in this State in 1801. As pertinent here, it remains pristine, and provides

"No action shall be brought . . . upon any contract for the sale of lands . . . unless the promise or agreement upon which such action shall be brought or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith . . . "

If the contract for the sale of land is oral it is unenforceable unless there is a written memorandum of it signed by the Seller. *Patterson v. Davis,* 192 S.W.2d 227 (1945). Whether the memorandum is sufficient to satisfy the Statute is a question of law, *Massey v. Hardcastle,* 753 S.W.2d 127 (Ct. App. 1988), the resolution of which is dependent on the peculiar factual scenario.

For instance, in *Massey,* which involved the sale of an automobile dealership, the memoranda failed to describe the real estate occupied by the dealership. The Court

2

held that the documents simply failed to set out an agreement for the sale of a particular tract of land and were unenforceable.

In *Baliles v. Cities Service Company,* 578 S.W.2d 621 (Tenn. 1979), the memorandum alleged to satisfy the Statute provided:

> "Cities Service Company has agreed to sell to you Lots 99 and 100 in Cherokee Hills for residential purposes. As soon as residences are well under construction deeds to those lots will be delivered to you."

The Supreme Court held that this description failed to describe the land with reasonable certainty and did not satisfy the Statute of Frauds.[1]

In *Campbell Farmers Co-Op v. Moore,* 303 S.W.2d 735 (1957), the memorandum alleged to satisfy the Statute of Frauds provided:

> This is to certify that I am receiving this $100.00 check as a down payment on land beginning at the culvert on 736 highway 63 running with the middle of the stream and then parallel with driveway on Mrs. John Y. Moore's property to the Highway fronting on the Highway 63 to include one acre of land. Balance of 2900.00 to be paid upon completion of this transaction. Jan 17, 1956.
> s / Mrs. John Y. Moore "Ollie"

This description was held to be insufficient to satisfy the Statute of Frauds because it did not reference the State, County or Civil District, and did not identify Highway 63, nor the culvert or stream. In *Denison-Ghalson Dry Goods Co. v. Hill,* 135 Tenn. 60, 185 S.W. 723 (Tenn. 1916), the description was held to be inadequate because there was no indication of the residences of the parties. In *Wood v. Zeigler*, 99 Tenn. 515, 42 S.W. 447 (Tenn. 1897), the description was held to be inadequate because the State and County were not identified. In *Gorbics v. Close,* 722 S.W.2d 672 (Tenn. App. 1986), a description, "a one acre tract of land on the northwest corner of my land," was held to be inadequate.

The document relied on by the plaintiff is characterized by the defendants as merely being a receipt. On the face of it, we are constrained to agree, especially when the accompanying check is considered. While the consideration or the manner of its payment is not necessarily required to be recited, *Cobble v. Langford,* 230 S.W.2d 194 (Tenn. 1950), the memorandum must contain the essential terms of the contract

---

[1]Specific performance was ordered, however, on the basis of equitable estoppel.

3

expressed with such certainty that they may be understood, from the memorandum itself, or some other writing to which it refers or with which it is connected without resorting to parol evidence. *Lambert v. Home Federal* 481 S.W.2d 771 (Tenn. 1972).

In the case at hand, the document can hardly be characterized as a memorandum of a sale of real estate. The party to be charged agrees to nothing. While no particular verbiage is required, the fact of a sale, and its essential terms, and a description of the land must appear with reasonable certainty in the writing relied upon. *See, Case v. Brier Hill Collieries,* 145 Tenn. 1, 235 S.W. 57 (1921). We are mindful that the Statute of Frauds should not be applied in such manner as to foster a fraud it was designed to prevent, *see, GRW Ent. Inc. v. Davis,* 797 S.W.2d 606 (Ct. App. 1990), but neither should we fail to accord it the requisite enforcement.

The Judgment is affirmed at the costs of the appellant.


_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge

4