## MECKLEM VS. BLAKE.

A description of the premises in a deed as "Lot 7, Block 17, on the survey plat of Washington City, now called Port Washington," *held* to be sufficient where the name of the village according to the recorded plat was "Wisconsin City," but it was proved to have been familiarly known and recognized by citizens and conveyancers as "Washington City" or "Port Washington."

Under the statutes of 1839 (p. 188), as under those of 1849, where there were several petitioners for partition, the affidavit as to unknown owners should have been by all the petitioners, to enable the court to get jurisdiction of such owners by publication of the petition and notice.

Such publication was required (§ 56, p. 188, Terr. Stat. 1839) to be published once in every week for three months; and this must be understood to mean three full calendar months; and when the notice, which was dated March 20th, recited that the petition would be presented on the 16th of June following, and it was so presented, and an order entered requiring the parties to appear and show title within three days, the court acquired no jurisdiction of the parties not personally served.

Whether parties plaintiff in such proceedings, and such of the defendants as were personally served with notice &c., could avail themselves of any failure to obtain for the court jurisdiction over others; and whether if absent and unknown owners, over whom the court failed to acquire jurisdiction, afterwards assented to the decree, as by taking possession of and holding the lots assigned to them in severalty, or by selling or leasing them, the partition thus became binding upon all; or whether an actual and continued adverse occupation under the decree of partition for *ten* years would give a good title—it was not necessary to decide in this case.

APPEAL from the Circuit Court for *Milwaukee* County.

Ejectment for two village lots. Neither the original bill of exceptions nor any copy of the printed bill is now found on the files of this court. The facts will however sufficiently appear from the opinion of the court. The judgment was for the defendant; and the plaintiff appealed.

*Hugh Cunning*, for appellant.
*A. M. Blair*, for respondent.

*By the Court*, DIXON, C. J. The printed case is very imperfect, and in some particulars wholly unintelligible. For instance in the eighth folio it appears that a deed was offered and received in evidence, but who was the grantor, and who the grantee, is not stated. We are able, however, by the assistance of counsel, to deduce and decide the following questions :

1st. We think the defendant established title to the south half of lot 7, through the tax deed of April, 1848, from the Territory of Wisconsin to Lyman Doud. Doud conveyed to Valodine, and Valodine to the defendant. The only objection urged to the tax deed is, that the lot is so defectively described that no title passed. The description is " Lot 7, Bl. 17, on the survey plat of Washington City now called Port Washington." The name of the village according to the recorded plat is " Wisconsin City." It was proved, however, that it was familiarly known and recognized by citizens and conveyancers as " Washington City" or "Port Washington." This, in our opinion, was sufficient to identify the lot and sustain the conveyance.

2d. We think the defendant failed to establish title to lot 11. His claim of title to that lot comes through the proceedings in partition. These proceedings were inoperative for two reasons. First, the affidavit as to *unknown owners* was insufficient; and second, the publication of notice to absentees and parties unknown was not such as the statute required. The statute of 1839, p. 188, requiring an affidavit that there are parties in interest whose names are unknown, before they can be proceeded against as unknown owners, is in substance the same as the statute of 1849. There were seven petitioners or parties plaintiff in the proceeding, and the affidavit should have been made by all of them. *Kane v. Rock River Canal Co.*, 15 Wis., 179. The notice was defective in not having been

published the requisite time. The statute required a publication "for the space of three months." Statutes of 1839, p. 188. The word "month" shall be construed to mean a calendar month unless otherwise expressed. Statutes of 1839, p. 35. The notice was dated on the 20th day of March, 1840, and recited that a petition would be presented to the court on the 16th day of June following. The petition was presented on the 16th of June, and an order entered requiring the parties interested and parties unknown to appear and show title within three days. This was less than three calendar months, and the court acquired no jurisdiction as to absent and unknown owners. Statutes which dispense with the actual personal service of process, and provide in lieu thereof a mode of service which is less certain and satisfactory, must be strictly pursued. *Pollard v. Wegener*, 13 Wis., 569. As to the parties actually before the court there was no defect of jurisdiction. Wooster Harrison, to whom the lot was assigned in partition, was before the court as a party plaintiff. The court had jurisdiction over him, and he could not probably object to the want of jurisdiction as to others. And the same may be true of his co-plaintiffs, and of such of the defendants as were actually served. And if the absent and unknown owners afterwards assented to the decree, as by taking possession of and holding the lots assigned to them in severalty, or by selling or leasing them, the partition may have become binding and effectual as to all. Or it may be that an actual, continued adverse occupation under the decree for ten years would give a good title. It would seem that such a possession for twenty years would. But upon these questions we express no opinion, as the title stands now upon the effect of the decree alone. By virtue of the decree Wooster Harrison did not acquire a valid title, and consequently the defendant, who claims under him, has not shown one.

Judgment reversed, and a new trial awarded.