## S. P. RAGSDALE V. MARY MAYS.

(Case No. 2092)

1. CONTRACT FOR CONVEYANCE OF LAND — "INTEREST IN LANDS," MEANING OF PHRASE—PAROL EVIDENCE—The natural and ordinary meaning of the phrase "interest in lands" includes the entire right held in them, and the conveyance of one's interest in land, without qualification, will be construed to carry with it all the rights of the grantor therein, which cannot be varied or contradicted by parol evidence.

2. SAME—CERTAINTY TO A COMMON INTENT—SPECIFIC PERFORMANCE—Certainty to a common intent is all that is required in an agreement to convey land, and a contract whereby one person agrees to convey his interest in his lands in certain counties therein specified, to another, possesses that degree of certainty, and is sufficient to support a suit for specific performance.

3. SAME—EXTRANEOUS EVIDENCE—Where the court is able to ascertain, from the face of the writing, that the whole interest of the grantor was intended to be conveyed, it may go outside of the contract, to ascertain the actual extent of that interest.

5. SAME—CASE DISTINGUISHED—This case distinguished from that of Jones *v.* Carver, 59 Tex. 293.

APPEAL from Fayette.    Tried below before the Hon. H. Tiech-mueller.

Mrs. S. P. Ragsdale brought this suit in the district court of Fayette county, Texas, against Mary Mays, to compel specific performance of a certain contract, in writing, executed by the latter to the former, for the sale of lands lying in Lavaca and Uvalde counties.

Plaintiff, in her amended original petition, filed May 13, 1885, alleges, in substance, that the defendant, on July 17, 1884, in consideration of $500, $10.00 of which was ready money, agreed, in writing, to sell to plaintiff defendant's interest in certain lands in Lavaca and Uvalde counties, Texas, fully describing in the petition the lands, and setting forth the defendant's interest therein.  Plaintiff alleges that she several times endeavored to procure from the defendant a conveyance of the latter's interest in the lands, in pursuance of her contract, and, on January 2, 1885, caused to be prepared a deed therefor, in accordance with the agreement, and presented it to the defendant for her signature and acknowledgment, at the same time offering her the balance of the purchase money if she would execute and acknowledge the same; but that the defendant refused to execute the deed, and had wholly neglected and failed to comply with her contract, though often requested.

Plaintiff avers her willingness and her ability to comply with her part of the contract, and prays for decree against defendant for specific performance thereof, for costs, and for general relief.  The contract is set forth in the petition, in the following words:

"This July 17, I, Molly Mays, this day bargain and sell to Mrs. S. P. Ragsdale my interest in my lands in Lavaca county and also that in Uvalde county, for the sum of $500, for which I this day received $10.00, the balance to be paid on the making of the deed, or part of the money and the balance in notes at ten per cent. interest.

(Signed)                                            MARY MAYS."

On May 14, 1885, defendant answered by demurrer, specially assigning the ground thereof, and also by general denial and special pleas.  The ground of demurrer assigned was, that the instrument set out as the foundation of the suit is so informal and so vague and indefinite as to the land to be conveyed, that the same could not be enforced as a contract for the sale of land, and to explain the same by parol evidence would be against the statute of frauds.  On the hearing, the court sustained the defendant's demurrer and dismissed the suit; to which ruling plaintiff excepted, and prosecuted this appeal, assigning the following error:

"The court erred in sustaining defendant's demurrer to plaintiff's

amended original petition, and in adjudging that plaintiff take nothing by her suit, but pay all costs."

*Phelps & Lane*, for appellant, on the proposition that a written agreement for the sale of land, when it contains the essential terms of a contract, expressed with such certainty that the intentions of the parties may be understood without recourse to parol evidence, and when it furnishes the means by which the land can be identified with reasonable certainty, is sufficiently definite to authorize a court to decree its specific performance, cited: Jones *v.* Carver, 59 Tex. 295.

*Moore, Duncan & Mierscheidt*, for appellee, that the contract, in its description of the property to be conveyed, is not sufficiently certain to form the basis of a suit for specific performance, cited: Jones *v.* Carver, 59 Tex. 294.

WILLIE, CHIEF JUSTICE.—Only one question in this case demands our attention, which is: Did the contract sued on describe, with sufficient certainty, the land which the appellee bound herself to convey? The language of the description is: My interest in my lands in Lavaca county and also that in Uvalde county.

The natural and ordinary meaning of the term "interest in lands," includes the entire right held in them. A person does not divest himself of his interest in property who still retains in it any right whatever. Hence the conveyance of one's interest, without qualification, carries with it all the right of the grantor.

We think the language used in the contract can be construed to mean nothing else but the entire interest of the appellee in lands lying in the counties of Lavaca and Uvalde. Parol evidence is not needed to show that any other or less interest was intended to be conveyed. Indeed, if admitted for such purpose, it would vary and contradict the usual and legal meaning of the terms employed. Certainty to a common intent is all that is required in agreements to convey land. Brown *v.* Batchelor, 1 H. & N. 255; White *v.* Hamman, 54 Ill. 243; and this degree of certainty at least is found in the description of the lands contained in the present contract. We therefore conclude that the present contract was sufficiently certain to found upon it the present action for specific performance. The court being enabled to ascertain from the face of the writing that the whole interest of the appellee in the counties mentioned was to be conveyed, it was authorized to go outside of the contract to ascertain what was

the actual extent oɪ that interest.    Fish v. Hubbard, 21 Wend. 652.
This case is entirely different from that of Jones v. Carver, 59 Tex.
293.    There the description of the land was wholly defective.    From
the face of the contract it could not possibly be ascertained out of
what grant the land was to be taken, or that it was an entire grant,
nor was it ever stated in what county or state the land was situated.
It was merely described as "a piece of land supposed to be forty
acres." Without parol evidence it was impossible to identify the land,
and parol evidence being inadmissible the contract could nöt be
enforced.

The interest in the lands in this case having been stated in the
contract with sufficient certainty, we think the court erred in sustain-
ing a demurrer to the petition, and for this error the judgment must
be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 12, 1885.]