G. F. WILSON *v.* W. D. CALHOUN, *et al.*

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

1. MORTGAGE LIEN.  STATUTE OF LIMITATIONS.  LACHES.

A mortgage lien is not barred by the six-year Statute of Limitations, although the note representing the debt may be so barred, if the defendant so pleads.  (Post, p. 667.)

Citing: Wallace v. Goodlett, 104 Tenn. (20 Pickle), 670; Insurance Co. v. Dunscomb, 108 Tenn. (24 Pickle), 724-733.

2. MORTGAGE LIEN.  STATUTE OF LIMITATIONS.  PLEADING.

A plea of the Statute of Limitations of six years and laches is bad where a case is stated for equitable relief.  (Post, p. 668.)

Citing: Ice & Coal Co. v. Alley, 127 Tenn. (19 Cates), 173-181; Milam v. Milam, 138 Tenn. (11 Thomp.), 686; Harrison v. Harrison, 149 Tenn. (22 Thomp.), 610.

3. EQUITABLE LIEN.  STATUTE OF FRAUDS.  DESCRIPTION.

A specific description by boundaries of a tract of land such as, "Bounded on the north by W. and J. C.; on the east by W. M. C.; on the south by H. River; on the west by G. P., at present belonging to W. D. C." is good under the Statute of Frauds, notwithstanding the description fails to give the State and county in which the land is located, affording as it does a basis for extrinsic proof, upon the principle that it is such a description as will enable strangers to identify the land.  (Post, p. 668.)

Citing and differentiating: Dobson v. Litton, 45 Tenn. (5 Cold.), 616; Wood v. Ziegler, 99 Tenn. (15 Pickle), 515; Keifer Bros., et al. v. Starn, 27 L. Ann., 282; Daugherty v. Chestnut, 86 Tenn. (2 Pickle), 1; Dry Goods Co. v. Hill, 135 Tenn. (8 Thomp.), 60; Railroad v. Webster, 106 Tenn. (22 Pickle), 586; Case v. Brier Hill Collieries, 145 Tenn. (18 Thomp.), 1.

Citing with approval: Slater v. Breese, 36 Mich., 77; Russell v. Sweezey, 22 Mich., 235; Atwater v. Scheneck, 9 Wis., 160; Meeklem v. Blake, 19 Wis., 397; Pursley v. Hayes, 22 Iowa, 11; Ives v. Kimball, 1 Mich., 313; Johnson v. Kellogg, 54 Tenn. (7 Heisk.), 262; Burroughs Adding Machine Co. v. Robertson, 9 Fed. (2nd), 619 (C. of A., 6th Cir.); Moayon v. Moayon, 114 Ky., 855, 60 L. R. A., 415, 102 St. Rep., 303, 22 C. J., par. 1683, et seq.; Ryan v. U. S., 136 U. S., 68, 34 L. Ed., 447; Wilson v. Boyce, 92 U. S., 377; Jackson v. DeLancey, 4 Cow., 427; Pond v. Bergh, 10 Paige, 140; 1 Atk. Conv., 2.

4. EQUITABLE LIEN. STATUTE OF FRAUDS. DESCRIPTION.
A description which bounds the lands by named individuals and thus distinguishes it from other lands, so that no other tract could be so bounded, is sufficient under the Statute of Frauds, especially where another boundary is the Hiwassee River. The courts will take judicial notice of the general geographic features of their own county, as to the location of principal mountains and rivers. (Post, p. 673.)
Citing: Baldwin's-Bouvier, p. 114, and other cases.

---

## FROM POLK.

---

Appeal from the Chancery Court of Polk County.— HON. T. L. STEWART, Chancellor.

MAYFIELD & MAYFIELD, for complainant, appellant.

PAUL R. STEWART, for defendant, appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This bill was filed to set up and enforce a lien in the nature of a mortgage, relying upon a written instrument signed by the owner of the land in the form of a note, reading as follows:

"$1100.00                                        July 2nd, 1917

"One day after date we or either of us promises to pay to G. F. Wilson eleven hundred dollars with six per cent interest from date for value received. To make certain the payment of the within note party of the first part agree to give into my possession to have and to hold, the Redmond farm of 110 acres, more or less. Bounded on the North by Wm. and J. H. Calhoun, on the East by W. M. Calhoun, on the South by the Hiwassee River, and on the West by George Pruett and at present belonging to W. D. Calhoun without encumbrance. In case of default in payment of said debt the above-described farm is to be sold and debt satisfied and also a reasonable attorney's fee allowed.

"W. D. CALHOUN

"JOHN W. WILSON"

It is charged that defendant Calhoun is a resident of Polk County, wherein the land lies; that he was the owner of the land when the instrument was executed by him and that he still owns it unencumbered; and that subject to certain credits shown, the debt is unpaid.

(1) The Chancellor sustained generally a demurrer by which several defenses were interposed, among them the Statute of Limitations, laches, and insufficiency of description of the lands. It is well settled that a mortgage lien is not barred by the six-year statute, although the note representing the debt may be so barred, if the defendant so pleads. *Wallace* v. *Goodlett*, 104 Tenn., 670; *Insurance Co.* v. *Dunscomb*, 108 Tenn., 724-733.

So that, if it be conceded that the defense may be raised without a plea, it is not good as to the main relief sought, the foreclosure of the alleged mortgage. Nor are the essential elements of laches apparent.

(2) We are of opinion that a case is stated for equitable relief within the doctrine approved in *Ice & Coal Co.* v. *Alley*, 127 Tenn., 173, 181; *Milam* v. *Milam*, 138 Tenn., 686, and *Harrison* v. *Harrison*, 149 Tenn., at page 610, provided that the description of the land in the memorandum signed by Calhoun is sufficient. This is the determinative issue. And this question narrows to the matter of the omission of the State and County from the instrument. It must be conceded that on the face of the bill the equities are strongly with the complainant. It is apparent that he loaned his money on the faith of the real estate security attempted to be legally encumbered for this purpose, and his delay in proceeding suggests only indulgence of the debtor. Nor can it be conceived that the parties to the transaction did not have clearly in mind at the time the exact property, its location and boundaries. Do the established rules of law applicable, our precedents and decisions, compel a holding in this case which works a clear hardship on the complainant?

(3) We have no case on all fours with that before us. It will be seen that here the description is exceptionally full and complete, with the single exception noted, namely, the omission of the name of the State and County. Not only is it described as "the Redmond farm of 110 acres," which would have sufficed, if the residences of the parties had appeared to be in Polk County, under our authorities (*Daugherty* v. *Chestnut*, 86 Tenn., p. 1, the "Rose Hill" case), but unlike the cases of *Dry Goods Co.* v. *Hill*, 135 Tenn., 60; *Railroad* v. *Webster*, 106 Tenn., 586, and the "Jim Smith tract," dealt with in *Case & Brier Collieries*, 145 Tenn., 1, here we have a description by definite boundaries, showing plainly that a par-

ticular tract was intended.  This description is such that
it could not equally apply to any other lands.  In *Dry
Goods Co.* v. *Hill, supra,* the Court followed *Dobson* v.
*Litton,* 5 Cold., 616, where in specific performance of a
contract for the sale of land was denied on account of de-
fective description.  The Court said:

"Where an instrument is so drawn that upon its face
it refers necessarily to some existing tract of land, and
its terms can be applied to that one tract only, parol evi-
dence may be employed to show where the tract so men-
tioned is located.  But, where the description employed,
is one that must necessarily apply with equal exactness
to any one of an indefinite number of tracts, parol evi-
dence is not admissible to show that the parties intended
to designate a particular tract by the description."

And the Court further said, "If the agreement itself
shows that some particular tract was intended, then
parol proof is admissible to show the location and bound-
aries of the tract mentioned, and to enable the Court to
find it."  In the instant case the "boundaries" are sup-
plied, and it is necessary only to supply by parol the
State and County which the bill alleges.

*Wood* v. *Ziegler,* 99 Tenn., 515, is strongly relied on
for the defendant, in which the "Baldwin Place" was
rejected as a description in the absence of a showing of
the State and County.  In that case and in the "Rose
Hill" farm case it appears that some character of show-
ing on the face of the instrument locating the lands in
a State and County was held to be essential, but in neither
of these cases did the description contain either elements
of description affording means of definite identification.
As remarked in the opinion in *Wood* v. *Ziegler,* not even
the name of the owner was given.  And so, for illustra-

tion, in *Keifer Bros., et al.* v. *Starn,* 27 La. Ann., 282, cited as authority for the proposition that the State and County is essential, the Court said, "it makes no mention of the situation of the lot," and, "Here is a total want of description of the situation of the thing mortgaged," and construing an application section of the Revised Code of that State, held it invalid. In none of the cases holding the conveyance invalid for lack of a showing of the State and County was there otherwise a description so definite as that now before us.

The essentiality of reference to the State and County, recognized in *Wood* v. *Ziegler,* rests, of course, upon the principle which requires such a description as will enable strangers to identify the land. Whether the civil district, town, county, State or nation is requisite, depends on whether one or all of these is essential to identify and distinguish the particular tract from other lands. The rule appears to be that when the description in the writing is so definite and exclusive as to afford means of positive identification, its location may be designated by extrinsic proof. The headnote in the well-considered case of *Slater* v. *Breese,* 36 Mich., 77, thus concisely states the holding in that case and the general rule: "Omitting to name the State, county, and township, in the description of premises in a mortgage, will not invalidate the instrument, where other adequate elements of identification exists: and it is not essential that the property should be so described as to identify it without the aid of extrinsic proofs, but it is always competent to connect the written description with the material subject-matter by proof of the surrounding circumstances." And in the course of the opinion the Court said, "Omitting to name the State, county and township will not prejudice, where

other adequate elements of identification exist. *Russell* v. *Sweezey,* 22 Mich., 235; *Atwater* v. *Schenck,* 9 Wis., 160: *Meeklem* v. *Blake,* 19 Wis., 397; *Pursley* v. *Haves,* 22 Iowa, 11; *Ives* v. *Kimball,* 1 Mich., 313.'' That was a case in which it was objected that ''no town, county or State is mentioned, or any circumstance or thing referred to, to fix the location.''

It would seem that, consistent with the holding in *Dobson* v. *Litton, supra,* approved in *Dry Goods Co.* v. *Hill, supra,* that the following language of this Court in *Johnson* v. *Kellogg,* 54 Tenn., 262, applies here: ''Undoubtedly, parol evidence must be resorted to, to ascertain where the land is that fills the description contained in the deed. . . . If the contract be for the sale of a tract of land or other real estate well known by some name given to it in the contract, in such case, no doubt, this would be a sufficient description, and, if necessary, parol proof might be heard to show where the property is.'' In the instant case not only is the farm designated by a known name, but, what is far better, it is described by definite boundaries.

In *Burroughs Adding Machine Co.* v. *Robertson,* 9 Fed. (2nd), 619 (Court of Appeals, Sixth Cir.), that Court thus aptly summarizes the rule in this State, quoting from *Case & Brier Collieries, supra:* ''A sufficient description of land under the Statute of Frauds is one which on its face appears to refer to some definite tract, and which by the aid of parol proof can with reasonable certainty be applied to designate such tract.'' But, ''the descriptive terms employed, together with the parol proof, must be such as to point out and comprehend some special parcel of land to the exclusion of any other parcel of land.'' Giving application to the rule thus stated, we have here a description which on its face appears to refer to a defi-

nite tract, and which can by the aid of parol proof be applied with reasonable certainty to designate such tract, and any other parcel of land is reasonably excluded. In the leading case of *Moayon* v. *Moayon*, 114 Ky., 855, 72 S. W., 33, 60 L. R. A., 415, 102 St. Rep., 303, the Court concludes an exhaustive review of authorities with this statement of the rule: "Parol testimony may be allowed to designate the particular property described and identified by the writing, and in the contemplation of the parties in making the contract." It will be observed that the parol evidence to point out or designate the property described in the writing, in no way contradicts or varies the writing, and the general exception admitting parol evidence in such cases applies. See 22 C. J., par. 1683, et seq., citing many authorities. The applicable rule approved by the Supreme Court of the United States, in the leading case of *Ryan* v. *U. S.*, 136 U. S., 68, 34 L. Ed., 447, is thus stated:

"The degree of certainty with which the premises must be denoted is defined in many books, and the cases are extremely numerous in which the subject has been illustrated. They are not all harmonious. But they agree in this, that it is not essential that the description have such particulars and tokens of identification as to render a resort to extrinsic aid entirely needless when the writing comes to be applied to the subject-matter. The terms may be abstract and of a general nature, but they must be sufficient to fit and comprehend the property which is the subject of the transaction; so that with the assistance of external evidence, the description, without being contradicted or added to, can be connected with and applied to the very property intended, and to the exclusion of all other property." And in accord with the pertinent maxim, "that is certain which may be rendered

certain," it is significant that the U. S. Supreme Court said in *Wilson* v. *Boyce,* 92 U. S., 377, 23 L. Ed., 610: "The generality of its language forms no objection to the validity of the mortgage. A deed 'of all my estate' is sufficient. So a deed 'of all my lands wherever situated' is good to pass title. *Jackson* v. *DeLancey,* 4 Cow., 427; *Pond* v. *Bergh,* 10 Paige, 140, 1 Atk. Conv., 2. A mortgage 'of all my property' like the one we are considering, is sufficient to transfer title."

(4) But is parol proof necessary in view of the nature of the boundaries given? It is described as bounded on the north, east and west by lands of named individuals. This would seem sufficiently to distinguish it, since no other tract could well be so bounded. But a significant and determinative feature is the fact that it is bounded "on the south by the Hiwassee River." It is, of course, well recognized that the courts will take judicial notice of the general geographical features of their own country, or State, and of their judicial district, as to the existence and location of its principal mountains, rivers and cities. Baldwin's-Bouvier, p. 614, citing many cases. The location of the Hiwassee River is well known. Rising in eastern North Carolina, a small stream in that State, it becomes a river as it runs its lovely length into and through the Counties of Polk and Bradley in Tennessee. This "Redmond farm of 110 acres" is described as lying along its north bank. Its location thus becomes a matter for but comparatively slight investigation by even a stranger, when it is additionally described as bounded on its three other sides by the lands of certain named individuals.

We are of opinion that the learned Chancellor was in error in sustaining the demurrer and his decree must be reversed and the cause remanded.