KIRSHNER *v.* FEIGENBAUM *et al.*

*(Nashville,* December Term, 1943.)

Opinion filed January 8, 1944.

ELKIN GARFINKLE and DAN GARFINKLE, both of Nashville, for plaintiffs in error.

I. R. SCHULMAN and JACK KEEFE, both of Nashville, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an action to recover possession of office space brought by Feigenbaum et al., lessor, against Kirshner, doing business as Kirshner Realty Company, occupying the premises under a lease executed in 1940. The case was heard in the trial court on a stipulation of facts to

which copies of the lease were attached as exhibits. The insistence of plaintiffs below was that the description contained in the lease was insufficient under the Statute of Frauds, Code Section 7831, the lease being for more than one year, and, therefore, void, on the ground that it failed to recite the name of the City, County or State wherein the property leased is located.

The trial court sustained this contention and gave judgment accordingly. The defendant lessee has appealed. The sole question presented for determination is, therefore, whether the description of the premises contained in the lease is good within the Statute of Frauds.

The lease is on a printed form, bearing the imprint on its face, on the right-hand corner, "Marshall & Bruce Co. Nashville," and on the back is printed the words "For Sale By Marshall & Bruce Co., Nashville, Tenn." It recites that the contract is between Herbert N. Jordan (plaintiff below is successor in title), lessor, and Kirshner Realty Company, lessee. It runs for a term of thirty-six months with an option to the lessee for an additional twenty-four months from the expiration of the lease at the same rental, which is stated to be $40. per month. The property is thus described: "Office space in the Exchange Building located at 311 Church Street, and being Office No. 209, and storage space in basement, also lessor is to furnish lights, heat, water and janitory service." It is signed by the parties.

In the first place, since the decision of this court in the case of *Wilson* v. *Calhoun*, 157 Tenn., 667, 672, 11 S. W. (2d), 906, 907, it is definitely settled in this State that mention of the State and County is essential to the validity of a description of property sold or leased, under the Statute of Frauds, only when necessary for purposes of identification; the substance of our holding in that

case, upon review of our own cases and of authorities in other jurisdictions, is that if the writing clearly appears to refer to a particular tract of land and it does not reasonably appear that the description given would fit equally any other tract, then parol proof is admissible to locate and designate the tract intended. In the course of that opinion it was said:

"Whether the civil district, town, county, state, or nation is requisite, depends on whether one or all of these is essential to identify and distinguish the particular tract from other lands. The rule appears to be that, when the description in the writing is so definite and exclusive as to afford means of positive identification, its location may be designated by extrinsic proof. The headnote in the well-considered case of *Slater* v. *Breese*, 36 Mich., 77, thus concisely states the holding in that case and the general rule: 'Omitting to name the state, county, and township, in the description of premises in a mortgage, will not invalidate the instrument, where other adequate elements of identification exist; and it is not essential that the property should be so described as to identify it without the aid of extrinsic proofs, but it is always competent to connect the written description with the material subject-matter by proof of the surrounding circumstances.' And in the course of the opinion the Court said, 'Omitting to name the state, county and township will not prejudice, where other adequate elements of identification exist. *Russell* v. *Sweezey*, 22 Mich., 235; *Atwater* v. *Schenck*, 9 Wis., 160; *Mecklem* v. *Blake*, 19 Wis., 397; *Pursley* v. *Hayes*, 22 Iowa, 11; 92 Am. Dec., 350; *Ives* v. *Kimball*, 1 Mich., [308] 313.' That was a case in which it was objected that 'no town, county or state is mentioned, or any circumstance or thing referred to, to fix the location.' "

480

Counsel for Feigenbaum refer to other of our cases. Reliance appears to be chiefly rested upon the opinion in *Watts* v. *Warner,* 151 Tenn., 421, 269 S. W., 913, for the rule that the omission of State, city and county is fatal. This case is not authority for this proposition, as appears from the opinion. The contention in that case was that a complete description of the property involved was contained in a registered lease to which reference was made, which lease contained a description full and complete. Application of the doctrine of incorporation by reference was invoked. It was to this question that the opinion of the court and the decision of the case was directed, the court holding that the writing relied on did not refer to this recorded instrument for a description of the property referred to in the lease under consideration. The language of the opinion relied on for the lessor in the instant case reads: ''It is conceded by the complainant that the description of the property as No. 1115 Woodland Street, now occupied by Piggly-Wiggly Stores, Inc., without indicating the city or state of its location, was ineffectual.'' The court then proceeds to discuss and pass upon the insistence made by complainant, as hereinbefore stated. It will be observed that the opinion merely recites a concession on the part of the complainant, which made it unnecessary for this court to pass upon that issue.

Passing now to a consideration of the determinative question, and applying the rule hereinabove stated, we are not of opinion that it can be successfully contended that the lease before us does not refer to a certain, particular piece of land and it cannot be reasonably deducted or inferred that it refers to any other existing piece of land. While, as stipulated, other cities have Exchange Buildings and other cities have Church Streets, the possibility that any of these other Exchange Build-

ings are (1) located on a Church Street, (2) that its street number is 311, (3) that the building is an office building, with basement space for rent, and (4) with an office No. 209, is too remote to raise a reasonable doubt that such a description equally applies to premises located elsewhere than in Nashville, Tennessee, where it is shown that this Exchange Building is located. Moreover, it is a matter of significance that this particular Exchange Building was owned by a "Herbert N. Jordan." In 25 R. C. L., page 652, it is said that, "it will be presumed that a description which actually corresponds with an estate owned by a contracting party is intended to apply to that particular estate, although couched in such general terms as to agree equally well with another estate which he does not own." And the same text further reads: "Descriptions omitting town, county, or state where the property is situated have frequently been held sufficient, where the writing provides other means of identification."

█ It is insisted for the lessee that the fact that the printed lease bears the imprint of Marshall & Bruce Nashville, Tennessee, should be looked to as fixing the location in Nashville. Conceding that this is a suggestive circumstance, it is not determinative, since it is a matter of common knowledge that stationery is used in one locality which has been printed in another.

It may be added that the views herein expressed are not in conflict with the previous holdings in this State which are reviewed and discussed in *Wilson* v. *Calhoun, supra.* In our last opinion dealing with this subject, *Schultz* v. *Anderson,* 177 Tenn., 533, 536, 151 S. W. (2d), 1068, 1070, Mr. Justice McKinney, writing that opinion, approved the following from the leading case of *Dodson* v. *Litton,* 45 Tenn., 616, 620:

" 'Where an instrument is so drawn that, upon its face it refers necessarily to some existing tract of land, and its terms can be applied to that one tract only, parol evidence may be employed to show where the tract so mentioned is located. But where the description employed, is one that must necessarily apply with equal exactness to any one of an indefinite number of tracts, parol evidence is not admissible, to show that the parties intended to designate a particular tract by the description.' "

█ This is, in substance, the holding in *Wilson* v. *Calhoun*, expressed in slightly different language. And there can be no doubt that the instrument before us "refers necessarily to some existing tract of land, and its terms can be applied to that one tract only," and this being the situation in the case before us, "parol evidence may be employed to show where the tract so mentioned is located," and the State, county and city may be thus supplied.

For the reasons already suggested, and on the strength of the authorities quoted, we are of opinion that the trial court was in error and the judgment is reversed.

### DISSENTING OPINION.

MR. JUSTICE PREWITT delivered the dissenting opinion.

I am of the opinion that the description contained in the lease is inadequate and unenforceable under section 7831 of Michie's Code, and, therefore, respectfully dissent from the majority view.