LOIS VAUGHN BROADDUS ET AL V. E. A. GROUT.

No. A-3979. Decided May 13, 1953.
Rehearing overruled June 17, 1953.
(258 S.W. 2d Series 308)

*Sam G. Croom*, of Houston, for petitioners.

The Court of Civil Appeals erred in holding that the descriptive elements in the deed, coupled with reference to grantors' ownership of the interest conveyed, was presumptively certain enough to permit the introduction of parol evidence to make the description actually certain in its application to the ground. Kingston v. Pickins, 46 Texas 99; Wooten v. State, 142 Texas 238, 177 S.W. 2d 56; Adams v. Duncan, 147 Texas 332, 215 S. W. 2d 599.

*Strong, Moore, Strong & Nelson and Ewell Strong*, of Beaumont, for respondent.

In reply to petitioners' proposition cited Pickett v. Bishop, 148 Texas 207, 223 S.W. 2d 222; Phillips v. Burns, 151 Texas 614, 252 S.W. 2d 927; Battle v. Wolfe, 283 S. W. 1073.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

The one question presented is as to the sufficiency of the description of land in a deed executed by petitioner Mrs. Lois Vaughn Broaddus, then Mrs. Vaughn, as grantor, to respondent E. A. Grout as grantee. We omit the last part of the deed, which includes the habendum clause, the general warranty, signatures and acknowledgment, and here set out the first part to and including the description:

"THE STATE OF TEXAS } KNOW ALL MEN
 COUNTY OF JEFFERSON } BY THESE PRESENTS:

"That I, Homer Vaughn, joined by my wife, Lois Vaughn, of the County of Jefferson, State of Texas, for and in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration to us in hand paid by E. A. Grout, the receipt of which is hereby acknowledged and confessed, have

GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY, unto the said E. A. Grout of the county of Jefferson, State of Texas, our undivided interest amounting to a 1/7th of the below discribed tract or parcel of land, as follows:

"Beginning at a stake in the west line of said 160 acre survey 172.8/11 varas from its northwest corner. Thence south with west line of said survey 86.4/11 Varas to a stake in west line of said survey from corner. Thence east 950 Varas to east line of said survey, stake. for corner. Thence north with said east line 86.4/11 Varas to south east corner of lot #2, thence west with said south line of lot #2, 950 Varas to place of beginning, containing 14.6/11 acres of land. Said land is undivided."

This suit was brought by respondent Grout against petitioner Mrs. Broaddus and her husband for a judgment declaring that the deed is a valid conveyance of an undivided one-seventh interest in a tract of land in Hardin County, particularly described in the petition by metes and bounds, and quieting respondent Grout's title.

The trial court rendered judgment for respondent Grout in accordance with the prayer in his petition, setting out in the judgment the following findings:

"* * * that the defendant, Lois Vaughn Broaddus at the time of executing the above described deed, owned an undivided 1/7th interest in a tract of land out of a 160 acre survey in Hardin County, Texas, containing 14-6/11ths acres of land, and lying South of a tract of land known as Lot No. 2, and having the identical metes and bounds description as contained in the above described deed of June 11, 1937, said tract of land owned by the defendant, Lois Vaughn Broaddus, at the time of executing said above described deed, being Lot No. 3 of the Isaac Gore 160 acre Survey in the O. C. Nelson League in Hardin County, Texas, and being the same land hereinafter described in this judgment by metes and bounds; and that at the time of the execution of said deed afore-described, the defendant, Lois Vaughn Broaddus, and her then husband, H. A. Vaughn, did not own an undivided 1/7th interest in any 14-6/11ths acres tract of land in any state in the Union other than the said Lot No. 3 out of the Isaac Gore 160-Acre Survey in the O. C. Nelson League in Hardin County, Texas, as more particularly hereinafter described by metes and bounds."

The findings were based upon extrinsic evidence offered by respondent and admitted by the court over petitioners' objections that the deed was void on its face for uncertainty of description, and that to permit the use of extrinsic evidence in aid of and to explain the description would add to and vary the description in violation of Article 1288 of the Revised Civil Statutes of 1925, the statute of conveyances. The judgment of the trial court was affirmed by the Court of Civil Appeals. 253 S. W. 2d 74.

The deed was executed in Beaumont on June 11, 1937, and was acknowledged before a notary public of Jefferson County. It was filed for record in Hardin County about three months after its execution. The land which respondent asserts and the trial court found to have been conveyed by the deed is a one-seventh interest in a tract of 14-6/11ths acres of land, a part of the Isaac Gore 160-acre survey in the O. C. Nelson League in Hardin County.

The deed contains no reference whatever to a survey, county or state in which the land intended to be conveyed is situated. There are no words of description except the words "our undivided interest amounting to a 1/7th, of the below described tract or parcel of land", and a metes and bounds description. The metes and bounds description has no place of beginning except that it begins at a stake in the west line of "said 160 acre survey", a certain distance from its northwest corner. There is no "said 160 acre survey" described or identified in the deed. The metes and bounds description, in addition to calls for the west and east lines of "said survey", calls also for a corner and a line of "lot # 2", and there is no description or identification of "lot # 2". The deed recites that the tract in which the one-seventh interest is conveyed contains 14-6/11ths acres of land.

This description shows that the undivided one-seventh interest intended to be conveyed is in a rectangular tract of land of 14-6/11ths acres, which is a part of a 160-acre tract survey, but the deed supplies no means and no data to indicate what 160-acre survey or where it is located, whether in Jefferson County or Hardin County, or some other county of the State of Texas, or in some county of some other state of the Union or elsewhere in the world, no means or data for identifying the land, unless the words "our undivided interest" are sufficient for that purpose.

The established test in determining the sufficiency, for com-

pliance with the statute of conveyances and the statute of frauds, of the description of land in deeds and in contracts to convey land is thus stated in Wilson v. Fisher, 144 Texas 53, 56-57, 188 S. W. 2d 150, 152: "the writing must furnish *within itself*, or by reference to some other existing writing, *the means or data* by which the particular land to be conveyed may be identified with reasonable certainty." (Emphasis added.) See also W. T. Carter & Bro. v. Ewers, 133 Texas 616, 131 S. W. 2d 86; 123 A. L. R. 908; Pickett v. Bishop, 148 Texas 207, 223 S. W. 2d 222; Phillips v. Burns, 151 Texas 614, 252 S. W. 2d 927; Adams v. Abbott, 151 Texas 601, 254 S. W. 2d 78; Hoover v. Wukasch, 152 Texas 111, 254 S. W. 2d 507.

A recital of ownership in a deed may be used as an element of description and may serve as a means, together with some other element, of identifying the land with reasonable certainty. For example, in one of the decisions cited by respondent, Pickett v. Bishop, 148 Texas 207, 223 S. W. 2d 222, 223, the contract or memorandum described the land as "my property * * * 20.709 acres out of John Stephens 640 acres survey in Tarrant County, Texas". Without the words "my property" the description would have been insufficient because it did not show what 20.709 acres out of the designated survey were intended to be conveyed. It was held, however, that "such a description (having reference, of course, to the whole of the description, including the number of acres, the survey, county and state, as well as the words "my property") by reason of the use in the memorandum or contract of such words as 'my property', * * is sufficient when *it is shown by extrinsic evidence that the party to be charged and who has signed the contract or memorandum owns a tract and only one tract of land answering the description in the memorandum.*" Similarly, the contract involved in Sanderson v. Sanderson, 130 Texas 264, 109 S. W. 2d 744, described the land as Mrs. Kelton's farm in Haskell County. It was held that such a description would be sufficient if the evidence established the fact that Mrs. Kelton owned only one farm in Haskell County at the time the contract was executed. In those cases the statement of ownership, together with the descriptive data in the instrument, the survey, county and state in the one instance, and the county in the other, afforded the means in the writing for the direct and certain identification of the land by the use of extrinsic evidence within reasonable limitations, subject to verification, and not wholly dependent upon parol evidence.

In the instant case the deed contains no such definite element

of description to aid the reference to ownership in directly and certainly identifying the land. We have only the use of "our undivided 1/7 interest" in a tract of land described by metes and bounds, which have no value for identification because they tie to no designated survey and call for no natural objects. We are not told by the description in what county or in what state the land lies. "Our undivided interest" in a tract of land standing alone identifies no land. A search of records, when there is a reference in the deed to the survey or to the county, would reveal ownership and thus support the statement of ownership in the deed. Here a search of records would be impossible or futile. In what counties of what states would the search be made? So it seems necessarily to follow that the trial court's finding and conclusion could not be supported without parol evidence that the grantor "did not own an undivided 1/7th interest in any 14-6/11 acres tract of land in any state in the Union other than" the tract of land described in respondent's petition and in the trial court's judgment. The trial court and the Court of Civil Appeals permitted respondent to take the part of the deed describing the grantor's ownership of an undivided interest in 14-6/11 acres of land and by parol evidence to identify the land as being the tract described in respondent's petition. In this way the land is identified only by the statement of ownership and by parol evidence not directly connected with descriptive data contained in the deed. And, further, there would be no way of testing the parol evidence by resort to records.

In our opinion the description in the deed is wholly insufficient to identify the land, and the deed does not furnish within itself the means or data by which the particular land to be conveyed may be identified with reasonable certainty.

The judgments of the District Court and the Court of Civil Appeals are reversed and judgment is here rendered declaring the deed described in and attached as an exhibit to respondent's original petition in the District Court to be invalid and of no effect, and further that respondent take nothing by his suit to quiet title.

Opinion delivered May 13, 1953.

MR. JUSTICE WILSON dissenting.

I respectfully dissent first for the reason that neither the parol evidence rule nor the Statute of Frauds have any applica-

tion in this case; second, for the reason that the majority opinion does not distinguish between "identifying" land in an instrument and "locating" land on the ground; and, third, for the reason that this deed falls within Art. 1292, R.C.S. 1925.

The parol evidence rule bars evidentiary matter offered to vary or contradict the terms of a writing or to add to it when the writing is the complete repository of the agreement. Here the alleged deficiency in the deed is the failure to name the state, county, and survey. Proof of the state, county, or survey could not vary or contradict any term in this deed and the deed is obviously not complete. Since the parol evidence rule does not bar adding to an incomplete writing where the evidence offered is not inconsistent with the writing, the parol evidence rule has no application here.[1]

The case at bar is not within the Texas Statute of Frauds (Art. 3995, R.C.S. 1925) since it is not an action "upon any contract for the sale of real estate." Here there was a meeting of the minds on a specific tract of land. Both parties thoroughly understood the exact boundaries of the tract one was buying and the other selling. They agreed upon a consideration. In carrying out that agreement the seller executed and delivered a written deed and the buyer paid the purchase price. The sales contract was completed, the deed delivered, and for that reason the Statute of Frauds has no application.

The sole question presented is whether the description in the deed effected a conveyance of land within the Statutes of Conveyances. Art. 1288 and 1292, R.C.S. 1925.

I would agree with the majority opinion if it were based upon a recognition of the fundamental difference in purpose between the Statute of Frauds (to prevent fraud between the parties) and the Statute of Conveyances (to prevent oral land titles). Such a recognition would require the overruling of a number of past cases which have confused the requirements of two statutes but have become rules of property. For this reason this probably should be done if at all by the legislature. A primary reason for requiring the description to be more certain under the Conveyance Statute than under the Staute of Frauds is one of notice to third parties, i. e., so that an abstractor might from the instrument itself determine that the deed belongs in a chain of title. In actions between the parties to a sales contract

_____

(1) McCormick & Ray, *Texas Law of Evidence*, Ch. 30.

(Statute of Frauds case), there is no real question about locating the land on the ground since both parties well know its ground location and the courts have rightly held that descriptions are good which could not possibly in themselves put a third party on notice. For instance, such a description as—The old Whipple place.

Clearly the description in the deed at bar would be good in a Statute of Frauds case because the object of that statute is to eliminate the possibility of perjury in cases upon contracts to convey by requiring that verbal agreements to sell land be reduced to writing. The Statute of Frauds is not a recording statute. Its ultimate effect is to establish a standard of proof. Its wording establishes this beyond doubt. Consider: "No action shall be brought * * * Upon any contract for the sale of real estate * * * unless the * * * agreement * * * shall be in writing * * *." It does not make verbal agreements to sell land void. In most situations it deprives the parties of the right to bring an action in court to enforce a verbal agreement.

In a Statute of Frauds case, the legal test is whether a certain and definite tract of land is sufficiently identified in the writing to eliminate as between the parties all other lands. This is consistent with the purpose of that statute. If the *intention* to convey a defined tract is completely stated in the writing, we may use evidence to locate the land on the ground in order to give effect to the written intention. Our inquiry is to determine whether the writing conclusively establishes that both parties to a trade had in contemplation the same tract of land. Thus in the Statute of Frauds case of Ragsdale v. Mays, 65 Texas 255, where the description in a sales contract was "my interest in my lands in Lavaca County" this court said:

"* * * Certainty to a common intent is all that is required in agreements to convey land. Brown v. Batchelor, 1 H. & N. 255; White v. Hermann, 51 Ill. 243; and this degree of certainty at least is found in the description of the lands contained in the present contract."

In Jones v. Carver, 59 Texas 293, a case involving a bond for title where the description was of "a piece of land, supposed to be forty acres", the court held the contract inoperative because it was necessary to look to evidence to determine the intention of the parties. The court said:

"The rule is, that a written agreement for the sale of land

must contain the essential terms of a contract, expressed with such certainty that it may be understood without recourse to parol evidence to show the intention of the parties; and no part of such contract is more essential than that which identifies the subject matter of the agreement."

* * * * * * * * * * * *

"It has often been held, and correctly held, that a specific performance of a contract to convey land will not be enforced unless the parties have described the land to be conveyed in the contract, or unless the contract furnishes the means by which the land can be identified with reasonable certainty."

It should be emphasized that the case quoted just above requires the terms of the contract to be expressed with such certainty that these terms "may be understood without recourse to parol evidence to show the intention of the parties." The land need only be described so that it can be "identified with reasonable certainty." The law does not require that the land be identified without recourse to evidence outside the deed, and this is fundamentally sound. The law's concern is that there be a complete meeting of the minds in order to avoid misunderstanding. The law does not turn upon the degree of technicality in the description of the land. The distinction is between the court's creating an inclosure by supplying boundaries and the court's applying agreed boundaries to the ground. McMurray v. Standley, Texas Com. App., 1 S.W. 2d 592; Higgins v. Bankers' Mortgage Co., Texas Com. App., 13 S. W. 2d 683. The court may not supply the intention of the parties. If the intention is clear, the court may use evidence outside the deed to place that intention upon the ground.

In Sanderson v. Sanderson, 130 Texas 264, 109 S.W. 2d 744, this court said:

"* * * The contract describes the house and lots as the town house and all lots 'now owned by Mrs. Kelton located in Knox City' and describes the land in Haskell County as Mrs. Kelton's farm in Haskell County. The description of the lots as all lots now owned by Mrs. Kelton in Knox City is sufficient, for it leads to the certain identification of the property. The sufficiency of the description of the farm in Haskell County cannot be determined on demurrer. If the evidence establishes the fact that Mrs. Kelton owned only one farm in Haskell County at the time the contract was executed, the description will be sufficient. If, on the contrary, it is proven that Mrs. Kelton owned more than

one farm in Haskell County at that time, the description of the farm will be insufficient as not affording data by which the property can be identified; and such insufficiency in the description of the farm, so shown, will require the denial of specific performance of the contract. Hermann v. Likens, 90 Tex. 448, 39 S.W. 282; Vineyard v. O'Connor, 90 Tex. 59, 36 S.W. 424; Taffinder v. Merrell, 95 Tex. 95, 65 S.W. 177, 93 Am. St. Rep. 814; Smith v. Sorelle, 126 Tex. 353, 87 S.W. 2d 703."

Should there be a difference between the definiteness required by the Statute of Frauds in the description of land and that required by the Statutes of Conveyances? The cases have not heretofore made such a distinction. The majority opinion appraises the relative value of recorded as against unrecorded proof offered to locate land on the ground. It mentions the difficulty some third party might have in searching the records where he does not know in what county to begin his search. The opinion is not bottomed upon the proposition that the parties themselves did not have a meeting of minds to a common intent but rather upon the proposition that the deed itself is not sufficiently definite to serve notice upon third parties.

The object of the Statutes of Conveyances, Art. 1288, R.C.S. 1925, is to prevent oral land titles. Art. 1288 provides that "No estate * * * shall be conveyed * * * unless the conveyance be declared by an instrument in writing * * *." Upon its face this statute is not directed towards "actions" in court but towards the operative effect of the transaction. Unless such a conveyance is "* * * filed for record with the clerk of the county in which the land * * * is situated" it shall not be effectual under Art. 1289 against a purchaser in good faith without notice. From the wording of the opening clause of the first sentence of the statute on notice, (Art. 1289—"A conveyance, such as is described in the preceding article, shall not be good * * *"), it would seem that the writing required by Art. 1288 would have to be sufficiently definite so that when filed it would effectually put third parties upon notice. Under this reasoning the deed at bar might be held void and this is as a practical matter the result reached by the majority. Still the cases have not so construed these stautes and in my opinion they have become rules of property.

In determining whether a description is sufficiently definite, the Texas courts have often applied substantially the same test to both a contract to convey challenged under the Statute of

Frauds and a deed challenged under the Statutes of Conveyances. From an early date it has been held that if the land is described with sufficient certainty so that it can be located by evidence, a deed is good. In Camley v. Stanfield, 10 Texas 546, this court said:

"The identity of the land intended to be conveyed by the deed was a question of evidence to be passed upon by the jury, and if it was described with sufficient certainty as to be rendered certain by other testimony it ought to have been permitted to go to the jury. * * *"

In Continental Supply Co. v. Missouri K. & T. Ry. Co., Texas Com. App., 269 S.W. 1040, this court approved the following quotation from McElroy v. Danciger, Texas Civil App., 241 S.W. 1098:

"The office of a description in a deed or contract is not to identify it but furnish means of identification. A deed is not void for uncertainty, unless on its face the description cannot, by extrinsic evidence, be made to apply to any definite land. A very short description in the instrument may be sufficient to furnish the means of identification."

In Hermann v. Likens, 90 Texas 448, 39 S.W. 282, 284, a deed case, the court said:

"* * * Between the owner and his grantee, if from the facts given in the description in the deed the property intended to be conveyed can be identified with certainty, it is sufficient."

In the case at bar the deed itself contained "data by which the property can be identified" with complete certainty. Sanderson v. Sanderson, supra. It is also clear that one particular tract of land with defined boundaries and no other was intended to be transferred. We do not need evidence to disclose the intention of the parties. We do need evidence to locate the land.

In Wilson v. Fisher, 144 Texas 53, 188 S.W. 2d 150, 152, this court said:

"In so far as the description of the property is concerned the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. Morrison v. Dailey, Tex. Sup., 6 S.W. 426; Osborne v. Moore, 112 Texas 361, 247 S.W. 498."

The description in the deed at bar is not ambiguous as was the description in W. T. Carter & Bros. v. Ewers, 133 Texas 616, 131 S.W. 2d 86, 123 A.L.R., 908. The case of Norris v. Hunt, 51 Texas 609, relied on by petitioner, involved a description of an undefined and uncertain part of a larger tract and was for that reason ambiguous. It was: "six hundred and forty acres * * * and being part of" the Dickenson League. The court said:

"The true rule, as deduced from the authorities, seems to be that this description should be so definite and certain upon the face of the instrument itself, or by other writing referred to, that the land can be identified with reasonable certainty."

The distinction is that in the case at bar the intention to convey a defined tract is clear, whereas in the Norris case the description did not define a certain tract and for that reason was ambiguous.

The case of Coker v. Roberts, 71 Texas 597, 9 S.W. 665, 667, makes it clear that the intention of the parties to convey a defined tract of land cannot be supplied by evidence but if the intention is fully expressed in the deed the description may be aided by evidence. The court said:

"* * * The rule is that a deed, to be valid, must describe the land by its terms, or give *data* from which the destription may be found and made certain. * * *"

The problem at bar is essentially the same as that in such a description as "all lots now owned by Mrs. Kelton in Knox City." The lots are identified, but it takes evidence to locate them on the ground. Thus the word *identify* is used to mean segregate and enclose a definite tract from the immediate surrounding land. The word *locate* is used to mean that which takes a searcher to that tract. Most but not all of the Texas appellate cases can be reconciled on this basis.

The failure to name the state and county is not in itself fatal. Harris v. Broiles, Texas Civ. App., 22 S. W. 421; Miller v. Hodges, Texas Com. App., 260 S.W. 168; Jones v. Smith, 231 S.W. 2d 1003; Kirshner v. Feigenbaum, et al., 180 Tenn. 476, 176 S.W. 2d 806.

In Smith v. Westall, 76 Texas 509, 13 S.W. 540, a conveyance of all lands owned by the grantor "in this * * * State" was held

to be effective. Evidence would have to be used to locate the county and then locate the land on the ground. This is true also of a host of cases which uphold a conveyance of "my" lands in a named county. Is there a substantial difference between locating "my" lands in a named county and locating the county and survey in which lies a tract described by accurate metes and bounds? I can see no real difference if the written description is such that there is no reasonable probability that there might be another tract with that precise description. See paragraph (4) of the opinion of the Court of Civil Appeals.

The Supreme Court of Tennessee has stated the rule very well in Wilson v. Calhoun, 157 Tenn. 667, 11 S.W. 2d 906, 907:

"* * * Whether the civil district, town, county, state or nation is requisite, depends on whether one or all of these is essential to identify and distinguish the particular tract from other lands. The rule appears to be that, when the description in the writing is so definite and exclusive as to afford means of positive identification, its location may be designated by extrinsic proof."

In the retreat from the formalism of the early English common law, the act of conveyance lost its significance. With some reason supporting it, a distinction might originally have been established between the definiteness required in a description in a contract and that in a deed. This could have been based upon the difference between the purpose of the Statute of Frauds (to limit the area of perjury in actions between the parties) and the purpose of the Statutes of Conveyances (to prevent oral land titles). But in reviewing a great number of cases I fail to find such a distinction. There is no compelling reason to make such a distinction now since in most instances recorded contracts to convey serve notice also. This may be the reason it was not made in the early Texas cases. If a more definite description should be required in order to record instruments under the Statutes of Conveyances than that which has been established as the standard by a great number of Texas cases, it should be provided by legislation.

The case at bar does not present a situation where rights of third parties have arisen through lack of notice.

In addition Art. 1292, R. C. S. 1925, prescribes a form of deed which "shall be sufficient as a conveyance." This form specifically states after the blank space for the name of grantee and grantor the following: "(give name of city, town, or coun-

ty)." But in the space for the description of the land this statute does not require the name of the city, town, or county. It states: "(describe the premises)".

The judgments of the trial court and the Court of Civil Appeals should be affirmed.

Opinion delivered May 13, 1953.

MR. JUSTICE CULVER dissenting.

I do not agree that the description in this deed is so uncertain and insufficient as to render it void and of no effect. For seventeen years after its recordation in the deed records of Hardin County no question was ever raised as to its validity.

By oversight and inadvertence the names of the county and state and survey in which the land was situated were omitted. The cases all hold I think that the omission of the county and state is not fatal but the location of the land may be inferred and established from the recording of the instrument in the county records. The deed appears to have been recorded in no other county than that of Hardin County where the land is located. Easterling et al., v. Simmons et al., Texas Civ. App., 293 S.W. 690, wr. ref.; Miller v. Hodges, Texas Com. App., 260 S.W. 168.

With the state and county in which the land is situated being thus established, the facts in this case seem to me to fall squarely within and be ruled by the doctrine announced by the Supreme Court in Pickett et al. v. Bishop, 148 Texas 207, 223 S.W. 2d 222, 223. In that case the court held:

"The settled rule in this state is that such a description by reason of the use in the memorandum or contract of such words as 'my property', 'my land', or 'owned by me', is sufficient when it is shown by extrinsic evidence that the party to be charged and who has signed the contract or memorandum owns a tract and only one tract of land answering the description in the memorandum." See cases cited.

In the case of Sanderson v. Sanderson, 130 Texas 264, 109 S.W. 2d 744, 746, Com. App., the court held in a suit for specific performance in the following language in the contract to describe sufficiently the land as follows:

"Mrs. Kelton also agrees to give all income derived from her farm located in Haskell County to Mrs. Sanderson during the

lifetime of Mrs. Sanderson, after the death of Mrs. Kelton * * *" and declares:

"The sufficiency of description of the farm in Haskell County cannot be determined on demurrer. If the evidence establishes the fact that Mrs. Kelton owned only one farm in Haskell County at the time the contract was executed, the description will be sufficient."

The suit here was between the grantor and the grantee. The rights of no third party had intervened. There was no uncertainty in the minds of either party as to the identity of the property sought to be conveyed. The language used in the deed conveyed "our undivided interest amounting to a one-seventh of the below described tract or parcel of land as follows; * * *." The petitioner-grantor testified and admitted the execution of the deed. A fair appraisal of her testimony would warrant the finding that she owned no other land in Hardin County and certainly owned no other tract of land in Hardin County which would fit the description in this deed. She had inherited such interest from her mother and the deed records so disclosed. There was also introduced in evidence a prior oil and gas lease which she had executed on these premises.

"The sole purpose of a description of land as contained in a deed of conveyance is to identify the subject-matter of the grant. * * * The rule generally adopted for determining the sufficiency of a description contained in a deed is that if there appears therein enough to enable a party familiar with the locality to identify the premises intended to be conveyed with reasonable certainty, to the exclusion of others, it will be sufficient." Easterling v. Simmons, supra, 293 S.W. 693.

To identify the tract conveyed no oral testimony was necessary. Resort need only be had to the deed records of Hardin County.

Both the trial court and the Court of Civil Appeals have held that the description is sufficient to identify the land with certainty. Any other conclusion would emphasize form rather than substance and operate to work an injustice upon the grantee who had accepted the deed and paid the consideration in good faith and permit the grantor both to keep title to the land and retain the consideration.

I would affirm the disposition of the case made in the courts below.

Opinion delivered May 13, 1953.

Rehearing overruled June 17, 1953.