**WALKER BARNEBEY COMPANY,**
Appellant,

v.

**M. H. SCHMIDT et ux., Appellees.**

No. 14154.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 11, 1963.

Rehearing Denied Jan. 8, 1964.

**278**

Bobbitt, Brite, Bobbitt & Allen, San Antonio, for appellant.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellees.

POPE, Justice.

Walker Barnebey Company sued M. H. Schmidt and wife, Louise Schmidt, for damages for breach of an exclusive real estate listing contract, and the trial court sustained defendants' motion for summary judgment because the realty was defectively described in the listing agreement. The question is whether the defendants, as movants, demonstrated that there is no fact issue as a matter of law. In our opinion, they did not and the cause must be remanded.

■ The rule requiring an adequate description under the Real Estate Dealers License Act, Article 6573a, § 22, Vernon's Ann.Civ.Stats., is the same as that governing the construction of the Statute of Frauds, Article 3995, Vernon's Ann.Civ. Stats. Tidwell v. Cheshier, 153 Tex. 194, 265 S.W.2d 568. It is that "the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." Broaddus v. Grout, 152 Tex. 398, 258 S.W.2d 308, 309; Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222, 224; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, 152; 5 Lange, Texas Land Title, § 762.

Defendants signed an exclusive listing agreement which contained three elements of description: (1) The date line stated that the contract was signed in "San Antonio, Texas, March 23 '61." (2) It stated that the signatories are "the undersigned owners." (3) It described the land as "Rt. 11 Bx 98 2nd house on S-side of Rowley Rd W of Babcock Rd."

Plaintiff met defendants' motion for summary judgment by showing that it had asked defendants certain interrogatories and that defendants had answered them. These showed that during the period of the exclusive listing agreement, defendants had rented realty to third persons and after the period had expired they sold the property to the third persons. The showing upon the hearing was that this property, so sold, was enclosed by a fence and that it was owned by the defendants at the time of the listing agreement. This showing of ownership in fact, together with the three elements con-

tained in the description itself, prevents us from holding that, as a matter of law, all fact issues are excluded by the hearing on the motion for summary judgment.

■ A court may infer the county of the property from the fact that the date line indicated it was executed in San Antonio, Texas. In Morrison v. Dailey, Tex., 6 S.W. 426, the description did not mention the county, but it did have a date line, "Lancaster, June 28, 1887." That, together with other factors, was adequate to fix the location in a county. In Easterling v. Simmons, Tex.Civ.App., 293 S.W. 690, the county was inferred from the caption of a deed which stated, "The State of Texas, County of Freestone," together with the fact that the deed was acknowledged and recorded in Freestone County. Brooks v. Temple Lumber Co., Tex.Civ.App., 105 S.W.2d 386, fixed the county of the property from the caption in the deed only. In Langham v. Gray, Tex.Civ.App., 227 S.W. 741, 745, the Court said:

"On the fact that the date line of this deed shows that it was executed at Beaumont, Tex., and the deed begins 'State of Texas, County of Jefferson,' and recites that both the grantor and grantee are citizens of Jefferson County, Tex., the presumption follows that this land is located in Jefferson County, Tex."

Accord, Goggans v. Green, Tex.Civ.App., 165 S.W.2d 928; Moore v. Unknown Heirs of Gilchrist, Tex.Civ.App., 273 S.W. 308, 310; Frazier v. Lambert, 53 Tex.Civ.App. 506, 115 S.W. 1174.

Broaddus v. Grout, 152 Tex. 398, 258 S.W.2d 308, did not permit such an inference, as it should not; for the cite of the property was in Hardin County, whereas the date line was Jefferson County. Defendants rely upon Wiseman v. Zorn, Tex.Civ. App., 309 S.W.2d 253, but in that case the contract had no date line, nor anything else

which fixed the city or county of the property. Friedlander v. Christianson, Tex.Civ. App., 320 S.W.2d 404, is not applicable either, because, after giving effect to the date line, the Court held the description was nevertheless defective for an entirely different reason. The party who signed the contract owned other property at the same location, and the description did not identify which property or how much was covered by the contract. See Phillips v. Burns, 151 Tex. 614, 252 S.W.2d 927. The limited record before us does not present that problem.

■ The recital of ownership in the listing agreement is also important. The contract in question mentions those who signed it as "the undersigned owners." Such a recital, together with some other element of identification, may single out the land with reasonable certainty. Broaddus v. Grout, supra; Phillips v. Burns, supra; Wilson v. Fisher, supra. When there is a recital of ownership and the public records show that the party charged owns a tract and only one tract which answers the description in the memorandum, the description is adequate. Pickett v. Bishop, supra; 5 Lange, Texas Land Titles, § 771; Musselwhite, 8 S.W. Law Journal, 193, 205.

■ The remaining factor is the description which locates a house on the south side of Rowley Road, West of Babcock Road. "House" is enough to include the land along with the structure. Cassiano v. Ursuline Academy, 64 Tex. 673, 675; Rowson v. Rowson, Tex.Civ.App., 268 S.W.2d 708, 714. Upon the trial of the case, it may be that the description leads to confusion as to the amount of land, or that it fails to lead unerringly to an identifiable tract. Upon the basis of the record before us, however, the showing of defendants' ownership of a house and land on the south side of Rowley Road, west of Babcock Road in Bexar County, shows the presence of fact issues in the case. The judgment is reversed and the cause remanded.