**Holland PAGE, Appellant,**

v.

**B. L. MARSHALL, Appellee.**

**No. 10854.**

Court of Civil Appeals of Texas.

Austin.

June 7, 1961.

---

Byrd & Davis, Jack C. Eisenberg, Austin, for appellant.

T. O. Dillard, Osorio, Zwiener & Palmer, Austin, for appellee.

ARCHER, Chief Justice.

This is a bailment case. The plaintiff leased certain road building equipment to defendant. Damages were sought for allegedly holding over and for minor repairs. The trial court granted judgment for plaintiff for both holding over and for the repairs.

On July 30, 1952, defendant signed a contract and paid $3,600 for the use of some of plaintiff's equipment for a month. Although providing for use of the equipment for a month in Midland County, the lease also indicated the term was from August 1 to September 1.

The contract was made on a form used by Mr. Page for making leases of equipment in his office and is long and we will insert herein only such provisions we believe necessary for an understanding of the agreement and the issues involved:

"1. A monthly rental for all the equipment of $3600.00.

"2. The term of the lease shall commence on the 1st day of August, 1952 and shall terminate on the 1st day of September, 1952.

"3. Delivery of the property of any unit thereof, shall be made to Lessee at —————— and shall be returned to Lessor on the termination hereof, at ——————.

"4. The property to be used by the Lessee in the County of Midland, State of Texas, and such other counties in said State to which it may be removed after notice to the Lessor of the time and place of such removal, provided, if the Lessee fails to give the Lessor notice of the time and place to which such property is removed, Lessor shall have the right to cancel this lease.

"5. * * * In the event Lessee retains the property, or any unit thereof, after the expiration of the specified term, such retention shall, as to any unit so retained, be construed as an extension of this lease, at the same rental and under the same terms until all of the property is returned to Lessor at the point of return.

"7. Lessee agrees as follows: To permit Lessor to examine the property at any time and * * * will, at [sic] own cost and expense, keep and maintain the property in good condition and repair and will have and protect the same from damage by the elements, and pay all expenses and costs relating to the property which may be hereinafter and during the term of this lease incurred, * * * including transportation thereof.

"8. On the termination of this lease or any extension or renewal thereof, Lessee agrees, at its own cost and expense, to return the property to Lessor at the point specified in as good condition as when received by Lessee, ordinary wear and tear expected; and Lessee agrees to pay to Lessor, on such return, all charges for breakage, shortage or damage other than ordinary wear and tear, to the property which may be incurred during the term hereof or any extension or renewal, and until the property is returned to Lessor at the point specified."

As is noted, the contract provides for delivery of the equipment and return thereof, but does not name the place. Provision was made that the rates were based on the assumption that the property would be used for only eight hours per day, and if used longer for additional sums.

The equipment was located in Guadalupe County and was to be used at Midland County. Both parties to this suit are experienced contractors and familiar with road equipment and their knowledge is on a level.

On the trial of this case appellant offered no testimony. The Court had before it the contract and the testimony of appellee and a son, Bob Marshall, Jr.

The appellee testified concerning the signing of the contract and identified it, and further testified as to a telephone call to Mr. Page concerning damage to a D–7 Caterpillar, and that it was repaired at a cost of $189.84; that the damage was caused through an accident and not by usual wear and tear and that Mr. Page told appellee to fix it up, bring the bills and he would pay for it.

Appellee testified that he had a telephone conversation with appellant about two days before the contract had terminated and that appellant asked to keep the equipment until he completed the job, and that he would pay appellee on the same basis as the original contract provided.

There is no question but that the equipment was held over after September 1 and that based on the terms of the contract, $1,266.67 would be an accurate calculation, but appellant claims that even with the holdover period he did not have use of the equipment more than thirty days.

Bob Marshall, Jr. testified as to a conversation with Mr. Page and that Mr. Page said he would need two Caterpillar tractors, two scrapers, two maintainers, two No. 12 Caterpillar maintainers, a tractor and the D–7 Caterpillar; of the signing of the contract. The witness also testified that he was hired by Mr. Page to take his truck and move two pieces of the equipment and at the same time Mr. Page was also moving a

part of the equipment, and it was all delivered to Midland County, except the witness thought that a D-C Caterpillar was sent to another job. He also testified as to repairs that were made.

 Since the contract did not name the place of delivery of the equipment and is ambiguous on this issue, parol evidence was admissible to resolve the ambiguity, and circumstances surrounding the making of the contract may be shown by parol evidence, as well as to the construction put by the parties themselves on the delivery provision of the contract. The equipment was all returned to Travis County by appellant. 13 Tex.Jur.2d 287, 300; Rowson v. Rowson, Tex.Civ.App., 268 S.W.2d 708.

The proof of the need for repairs and the reasonableness of the amount expended therefor was met by appellee.

The judgment of the Trial Court is affirmed.

Affirmed.